UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW PALTZ CENTRAL SCHOOL DISTRICT,

                                    **Plaintiff,**

                   v.                                                   1:02-CV-981
                                                                             (FJS/RFT)

LINDA ST. PIERRE, on behalf of M.S.,

                                    **Defendant.**
_____

**APPEARANCES**                                           **OF COUNSEL**

**SHAW & PERELSON**                           **MARK C. RUSHFIELD, ESQ.**
40 South Roberts Road                       **MICHAEL K. LAMBERT, ESQ.**
Highland, New York 12528
Attorneys for Plaintiff

**OFFICE OF THOMAS P. HALLEY**         **THOMAS P. HALLEY, ESQ.**
80 Washington Street, Suite 309
Poughkeepsie, New York 12601
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      Plaintiff commenced this litigation pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 ("IDEA"), seeking a declaration from this Court that the findings of the impartial hearing officer ("IHO") and the state review officer ("SRO") were erroneous. Both the IHO and the SRO determined that Plaintiff had failed to offer Defendant Linda St. Pierre's child, M.S., a free appropriate public education for the 1999-2000 and 2000-2001 school years.

After reviewing the decisions of the IHO and the SRO, the parties' submissions and the applicable law, the Court denied Plaintiff's motion for summary judgment and upheld the conclusions of both hearing officers. The Court also granted summary judgment *sua sponte* with respect to Defendant's counterclaim that Plaintiff reimburse her for tuition, room and board and laptop computer expenses that she incurred as a result of M.S.'s placement at the Family Foundation School for the 1999-2000 and 2000-2001 academic years. Finally, the Court ordered Defendant to file and serve her motion for an award of attorney's fees on or before February 20, 2004, provided Plaintiff with an opportunity to respond, and took the motion under advisement. Apparently, Defendant's counsel never received a copy of the Court's Memorandum-Decision and Order and did not realize that the Court had issued a decision until May 2006. *See* Dkt. No. 21. At that time, he requested, and the Court granted, an extension of time in which he could file papers in support of Defendant's motion for attorney's fees. The Court has now reviewed the parties' submissions and the following constitutes the Court's written determination of the pending motion.

## II. DISCUSSION

### A.   Attorney's fees award

In support of her motion for attorney's fees, Defendant submitted what her counsel referred to as "contemporaneous time records" but which are, in fact, copies of the invoices that her counsel sent to her for his services, totaling $9,008.33. *See* Affidavit of Thomas P. Halley, sworn to July 12, 2006 ("Halley Aff."), at ¶ 6. She also submitted copies of checks that she had sent to her counsel, totaling $9,365.78, which reflect an additional $357.45 in payments for

services that are not set forth in the invoices that she submitted. *See id.* at ¶¶ 7-8. Based upon these submissions, Defendant requests that the Court award her attorney's fees and costs in the amount of $9,365.78.

Furthermore, in reply to Plaintiff's submissions, which noted that Defendant had not submitted any evidence regarding her counsel's skill, experience and reputation or the prevailing market rate in the Northern District of New York for attorneys with similar skill, experience and reputation, Defendant's counsel stated that his skills "should be self evident in that the hearing officer agreed with all of the arguments [he] . . . raised during the administrative hearing . . . [and that this] Court agreed with such arguments in affirming the determination made at the administrative hearing." *See* Reply Affidavit of Thomas P. Halley, sworn to July 25, 2006, at ¶ 3. In addition, Defendant's counsel submitted a copy of his resume for the Court's review. *See id.* at ¶ 4 and attachment. Finally, although he admitted that he was unfamiliar with the prevailing market rate in this District, he stated that he was familiar with the prevailing market rate in the mid-Hudson area and his hourly rate was probably on the low end of that range. *See id.* at ¶ 5.

Plaintiff takes issue with several aspects of Defendant's time records, specifically arguing that they are vague and incomplete. *See* Affirmation of Mark C. Rushfield, dated July 21, 2006 ("Rushfield Aff."), at ¶ 5. Moreover, Plaintiff notes that some of these records include charges for secretarial services, which are overhead and not recoverable in a fee application. *See id.* Finally, Plaintiff requests that the Court substantially reduce the amount of the requested attorney's fees. *See id.* at WHEREFORE Clause.

Prevailing parties "must support their motions [for attorney's fees] with contemporaneous

time records of the work performed." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 WL 670307, *7 (N.D.N.Y. Mar. 22, 2005) (citation omitted). Moreover, to calculate an award of attorney's fees, the court must use a reasonable hourly rate, which is the rate that lawyers in the community, who have substantially similar experience and knowledge, charge for similar work. *See id.* at *3. This District recently concluded that the following hourly rates are reasonable: $210 for experienced attorneys, $150 for associates with more than four-years experience, $120 for associates with less than four-years experience, and $80 for paralegals. *See id.* at *6.

According to his resume, Defendant's attorney graduated from Albany Law School in 1976. Therefore, the Court will assume that he was admitted to practice in either 1976 or 1977. He also states that he has more than twenty-five years of legal experience, most of which appears to involve municipal law. The invoices show that Defendant's counsel billed her for his services at a rate of either $185 or $195 per hour.[1] Based upon these submissions, the Court finds that Defendant's attorney is an experienced attorney and that, therefore, the hourly rates of $185 and $195 are reasonable.

The invoices that Defendant submitted in place of contemporaneous time records list charges for "professional" services, "secretarial" services, and costs for postage, copies and faxes. Despite Plaintiff's assertion to the contrary, the Court finds that these entries are sufficient to determine the type of work that Defendant's attorney performed and that there is sufficient information upon which to base an award of attorney's fees. However, as Plaintiff noted,

---

[1] It appears from the invoices that Defendant's counsel's hourly rate increased from $185 to $195 in July 2001.

secretarial work is overhead and is not reimbursable as part of an attorney's fees award, although costs for copies, faxes and postage are.[2] Finally, the Court concludes that the additional services for which Defendant wrote checks to her counsel, but which are not included on the invoices, are not reimbursable because there is nothing in the record to indicate what these extra charges represent.

Based upon its review of the invoices, the Court calculates the amount of attorney's fees that Defendant incurred as follows:

| Invoice # | Hours Worked | Hourly Rate | Total |
| --- | --- | --- | --- |
| 2996 (2/23/01) | 3.5 | $185 | $   647.50 |
| 3009 (3/2/01) | 5.4 | $185 | $   999.00 |
| 3021 (3/14/01) | 5.8 | $185 | $ 1,073.00 |
| 3067 (5/10/01) | 6.4 | $185 | $ 1,184.00 |
| 3109 (8/10/01) | .1<br>8.5 | $185<br>$195 | $     18.50<br>$ 1,657.50 |
| 3436 (6/6/02) | .5 | $195 | $     97.50 |
| 3539 (9/3/02) | 6.9 | $195 | $ 1,345.50 |
| 3582 (9/30/02) | 1 | $195 | $   195.00 |
| 3632 (11/7/02) | .1 | $195 | $     19.50 |
| 3696 (1/2/03) | .5 | $195 | $     97.50 |
| 1642 (5/8/03) | .2 | $195 | $     39.00 |
| **TOTAL** | **38.9** | | **$ 7,373.50** |

In addition to the attorney's fees, the invoices show costs for copies, faxes and postage,

---

[2] The Court notes that, although Defendant's counsel filed a Reply Affidavit, he did not take issue with Plaintiff's assertion that secretarial services should not be included in an attorney's fees award.

totaling **$76.83**. Accordingly, the Court awards Defendant **$7,450.33** for attorney's fees and costs.

### B.  Reimbursement for tuition, room and board, and laptop computer expenses

Defendant seeks $60,962.83 in reimbursement for the expenses that she incurred while her son was enrolled at the Family Foundation School. *See* Halley Aff. at ¶ 15 and Exhibits "C" and "D" attached thereto.

In response, Plaintiff asserts that the reimbursement that Defendant seeks includes expenditures other than those for tuition, room and board, and laptop computer expenses that the Court ordered in its February 4, 2004 Memorandum-Decision and Order. *See* Rushfield Aff. at ¶ 4. Therefore, Plaintiff's counsel recalculated Defendant's Exhibit "C," to include only tuition, board and room, and laptop computer expenses, which resulted in a total of $56,541.92. *See id.* and Exhibit "A" attached thereto.[3]

Plaintiff is correct that the Court ordered it to reimburse Defendant for only tuition, board and room, and laptop computer expenses that she incurred while her son attended the Family Foundation School during the academic years of 1999-2000 and 2000-2001. Accordingly, the Court awards Defendant reimbursable expenses in the amount of $56,541.92.

### III. CONCLUSION

After carefully reviewing the parties' submissions, the relevant parts of the record, and the

---

[3] The Court notes that, although Defendant's counsel filed a Reply Affidavit, he did not take issue with Plaintiff's recalculation of the reimbursable expenses.

applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for attorney's fees and costs and for reimbursement for the tuition, room and board, and laptop computer expenses that she incurred as a result of her child M.S.'s placement at the Family Foundation School for the 1999-2000 and 2000-2001 academic years is **GRANTED** in the following amounts: **$7,450.33** in attorney's fees and costs and **$56,541.92** in reimbursable expenses.

**IT IS SO ORDERED.**

Dated: February 26, 2007
       Syracuse, New York

                                     Frederick J. Scullin, Jr.
                                     Senior United States District Court Judge